IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTOPHER M. REAVES,                         No. 3:17-cv-00494-HZ

               Plaintiff,

     v.

NEXSTAR BROADCASTING, INC., a                  OPINION & ORDER
Delaware corporation, and LIN TELEVISION
CORPORATION dba KOIN-TV, a Delaware
corporation,

               Defendants.


Gene Mechanic
Whitney Stark
MECHANIC LAW FIRM
210 S.W. Morrison Street, Suite 500
Portland, Oregon 97204

    Attorneys for Plaintiff

Thomas P. Busch
MacCOLL BUSCH SATO, P.C.
1020 S.W. Greenburg Road, Suite 600
Portland, Oregon 97223

1 - OPINION & ORDER

Charles W. Pautsch
Lisa A. Balocchi
PAUTSCH SPOGNARDI & BAIOCCHI LEGAL GROUP, L.L.P
342 N. Water Street, Suite 600
Milwaukee, Wisconsin 53202

	Attorneys for Defendant

HERNANDEZ, District Judge:

Plaintiff Christopher Reaves brings this employment discrimination action against Defendants Nexstar Broadcasting, Inc. and LIN Television Corporation, dba KOIN-TV. In his Complaint, Plaintiff raises disability discrimination claims under federal and Oregon statutes, an Oregon statutory family leave claim, and an intentional infliction of emotional distress claim. Plaintiff moves to amend his Complaint. I deny the motion.

## BACKGROUND

The proposed amendments relate to the acquisition of LIN Television by Nexstar Broadcasting and to the Oregon family leave claim. Thus, I recite the facts relevant only to those issues. In the Complaint, Plaintiff first generally asserts that his termination by KOIN-TV violated his rights under various employment discrimination statutes and constituted intentional infliction of emotional distress. Compl. ¶ 1, ECF 1. He then alleges that he was employed by KOIN-TV from April 23, 2012 until his October 16, 2015 termination. *Id.* ¶ 5. He further alleges that "[i]n or about 2017, Nexstar Broadcasting acquired LIN Television Corporation dba KOIN-TV." *Id.* ¶ 6. Defendants allegedly "did and continued to do business as KOIN-TV in Portland, Oregon." *Id.*

In the proposed First Amended Complaint ("proposed FAC"), Plaintiff adds allegations concerning Nexstar Broadcasting's acquisition of LIN Television Corporation in Paragraphs 5-

11.  Prop. FAC, Pl.'s Mot to Amend, Ex. A, ECF 28-1.  There, Plaintiff asserts that when he was hired in 2012, KOIN-TV was owned by LIN Television Corporation which was a subsidiary of LIN Media LLC.  *Id.* ¶ 5.  On or about December 19, 2014, LIN Media LLC merged with Media General, Inc. and LIN Television Corporation became a subsidiary of Media General, Inc.  *Id.*

On or about January 27, 2017, Nexstar Broadcasting, through Nexstar Media Group, Inc., entered into an "Agreement and Plan of Merger" with Media General, Inc.  *Id.* ¶ 7.[1]  This merger agreement provided that all of the claims, obligations, liabilities, debts, and duties of the merged entities Nexstar Media Group, Inc. and Media General, Inc., shall become the claims, obligations liabilities, debts, and duties of the surviving corporation. *Id.*

Further, Plaintiff alleges, on or about January 11, 2017, the Federal Communications Commission (FCC) issued an order transferring the control applications and licenses of KOIN-TV and other Media General, Inc. television stations to Nexstar Media, Inc.  *Id.* ¶ 8.  On or about January 27, 2017, the merger was completed.  *Id.*  On or about April 19, 2017, Nexstar filed a "Voluntary Statement of Foreign Merger" with the Oregon Corporation Division stating the "Name of Surviving Entity" as Nexstar Broadcasting, Inc., and the "Name of Non-Surviving Entity" as LIN Television Corporation.  *Id.*  Finally, in regard to this issue, Plaintiff alleges that Defendant Nexstar Broadcasting is a successor to Defendant LIN-TV and Media General, Inc., and is liable for all of the acts and omissions of LIN-TV and Media General, Inc. alleged by Plaintiff in the Proposed FAC.  *Id.* ¶ 11.

As to the family leave claim brought under the Oregon Family Leave Act, Oregon

---

[1] The Proposed FAC states the date as January 27, 2016, but Plaintiff clarifies in his Reply Memorandum that the correct date is January 27, 2017.  Pl.'s Reply Mem. 4 n.2, ECF 33.

Revised Statutes §§ (O.R.S.) 659A.150-659A.186 (OFLA), the caption of Plaintiff's Complaint indicates that it contains a claim under the "Oregon Family Medical Leave Act, ORS 659A.150 *et seq.*" Compl. p. 1. The caption of Plaintiff's Ninth Claim for Relief in the original Complaint reads: "Violation of Oregon Family Leave Act, ORS 659A.183 and violation of ORS 659A.199-Retaliation." Compl. ¶ 70 (caption above paragraph number). Plaintiff re-alleges the prior factual paragraphs. *Id.* (re-alleging Paragraphs 1-29). Plaintiff then alleges in pertinent part that Defendants committed an unlawful practice under OFLA, "ORS 659A.183, by discriminating and retaliating against Plaintiff because he requested and took family medical leave." *Id.* ¶ 71.

In the proposed FAC, the renumbered factual background allegation paragraphs contain no notable content changes. Prop. FAC ¶¶ 12-32. The caption to the Ninth Claim for Relief has been changed to omit the reference to O.R.S. 659A.199. *Id.* ¶ 74 (caption above paragraph). It now reads: "Violation of Oregon Family Leave Act, ORS 659A.183 Retaliation and Discrimination." *Id.* Plaintiff also incorporates the previously recited factual background allegations and then alleges that Defendants committed an unlawful practice under OFLA, "ORS 659A.183, by discriminating and retaliating against Plaintiff because he requested and took family medical leave, including interfering with the exercise of his rights under OFLA." *Id.* ¶¶ 74, 75.

## STANDARDS

This case was filed March 27, 2017. Almost four months later, on July 14, 2017, the Court conducted a case scheduling conference pursuant to Federal Rule of Civil Procedure 16. ECF 19. The Court established various case deadlines including a deadline requiring that all pleadings be due on December 1, 2017, and a deadline to join all claims, remedies, and parties by

January 5, 2018. *Id.* Because the motion to amend was filed on March 21, 2018, it was filed after the deadline to amend all pleadings.[2]

When a party seeks leave to amend under Rule 15 after the date specified in the scheduling order, the district court must first determine whether that party has shown "good cause" for amending the scheduling order under Rule 16(b). *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 Advisory Committee's notes (1983 amendment)). If the moving "'party was not diligent, the inquiry should end.'" *Branch Banking & Trust Co.*, 871 F.3d at 764 (quoting *Johnson*, 975 F.2d at 607-08). On the other hand, if "good cause" is shown, "the party must demonstrate that amendment was proper under Rule 15." *Johnson,* 975 F.3d at 608.

Additionally, this Court's Local Rule of Civil Procedure 16-3 further requires a party seeking to modify a scheduling order to: (1) show good cause why the deadlines should be modified; (2) show effective prior use of time; (3) recommend a new date for the deadline in question; and (4) show the impact of the proposed extension on other existing deadlines, settings, or schedules. L.R. 16–3.

A party may move for leave to amend pleadings under Rule 15(a). Fed. R. Civ. P. 15(a).

---

[2] Although the Minute Order used the phrase "All pleadings are due 12/1/2017," instead of "All amended pleadings are due 12/1/2017," there can be no ambiguity that the Minute Order established a December 1, 2017 deadline for filing amended pleadings or seeking leave to do so.

"A district court shall grant leave to amend freely when justice so requires." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (internal quotation marks omitted). "[T]his policy is to be applied with extreme liberality." *Id.* (internal quotation marks omitted). Courts consider the following four factors in determining whether to grant leave to amend: "bad faith, undue delay, prejudice to the opposing party, and/or futility." *Id.* (internal quotation marks omitted).

## DISCUSSION

I. Allegations Regarding Nexstar's Aquisition of LIN Television

Defendants responded to Plaintiff's First Request for Production of Documents (RFP) on August 29, 2017. Mechanic Mar. 21, 2018 Decl. ¶ 3, ECF 29. In RFP #9, Plaintiff sought documents sufficient to identify the ownership of KOIN-TV at the time of Plaintiff's termination in October 2015. RFP #9; Mechanic Mar. 21, 2018 Decl., Ex. 1 at 7, ECF 29-1. Defendant's response to the RFP included a statement that Defendants "have admitted that Lin Television was the owner of KOIN-TV at that time." *Id.*

In RFP #10, Plaintiffs sought documents "sufficient to identify the date that Nexstar became the owner of KOIN-TV, including the purchase agreement and other documents showing the terms of Nexstar's purchase of KOIN-TV." *Id.*[3] Defendants responded in part by stating that "such documents are a matter of public record and as such [are] available on the FCC website, such public records showing without dispute that Nexstar Broadcasting, Inc. became the owner

---

[3] The phrasing of this RFP is a bit unclear. It starts by seeking documents showing the date Nexstar became KOIN-TV's owner. But, it continues with what could be viewed as a broader request by referring to the purchase agreement and other documents showing the terms of the purchase and which may or may not show the date Nexstar became KOIN-TV's owner.

6 - OPINION & ORDER

of KOIN-TV on January 26, 2017." *Id.*

Plaintiff's attorney Gene Mechanic states that from his search of the FCC website, the specific merger history and terms were not apparent. Mechanic Mar. 21, 2018 Decl. ¶ 4. Mechanic provides no information about what information was available on the FCC website or, correspondingly, what information relevant to Plaintiff's RFP #10 was unavailable on the FCC website.

Plaintiff notes that Defendants produced no government filings or documents to Plaintiff, despite his request for them, relating to Nexstar's ownership of KOIN-TV. *Id.* ¶ 3.[4] Instead, Plaintiff states that he has discovered relevant documents through his own research. *Id.* Plaintiff provides no information about what this research entailed, who performed it, or when it was performed. He identifies two documents he asserts are relevant to RFP #10 which Plaintiff presumably discovered as a result of his own research. One is an April 19, 2017 filing with the Oregon Corporation Division stating the "Name of Surviving Entity" as Nexstar Broadcasting, Inc. and the "Name of the Non-Surviving Entity" as LIN Television Corporation. *Id.*, Ex. 3, ECF 29-3. The other is a 2017 10-K Form filed by Nexstar Media Group with the United States Securities & Exchange Commission (SEC), on March 1, 2018. *Id.*, Ex. 2, ECF 29-3. It notes that on January 17, 2017, Nexstar Media Group completed its merger with Media General, Inc., which owned, operated, or serviced "78 full power television stations in 48 markets[.]" *Id.* at 4. It also shows ownership of KOIN-TV by Nexstar Media Group. *Id.* at 5.

Other than these two documents, Plaintiff provides no other information about what

---

[4] Plaintiff does not identify any particular RFP in which these documents were sought. The Court's own review of the RFP attached to Mechanic's Declaration indicates that RFP #10 is the RFP at issue.

7 - OPINION & ORDER

evidence he obtained through his own research or what other documents are relevant or responsive to RFP #10. Plaintiff does not show that counsel followed-up with Defendants' counsel regarding RFP #10 either by letter, email, or telephone, indicating that Plaintiff found Defendants' response inadequate or unresponsive.

Mechanic states that in January 2018, he and Defendants' counsel Charles Pautsch began discussing whether Nexstar would stipulate to its liability for any unlawful acts by LIN-TV. Mechanic Mar. 21, 2018 Decl. ¶ 4; *see also* Pl.'s Mot. at 7, ECF 28. Plaintiff suggests that this discussion was to avoid unnecessary discovery and litigation on that issue. Pl.'s Mot. at 7.[5] Plaintiff's counsel did not follow-up these conversations until February 19, 2018 when he sent an email to Pautsch proposing a stipulation in which the parties would agree that although Nexstar continued to deny liability, it was liable for any findings of liability and damages in Plaintiff's favor as a result of the actions of KOIN-TV and its previous owner Media General, Inc. Mechanic Decl. ¶ 4; *Id.*, Ex. 4 at 4, ECF 29-4. Pautsch responded several days later, noting that in an earlier discussion with Mechanic, Pautsch had already told Mechanic that a corporate deposition to secure documents related to the merger transaction whereby Nexstar acquired Media General was unnecessary because those documents could be found on the FCC's website. *Id.* Pautsch told Mechanic that the FCC documents should provide Plaintiff with the necessary material to determine if liability attached to Nexstar for the acts of Media General and its

---

[5] At this time, fact discovery was to have been completed by January 5, 2018. *See* July 14, 2017 Min. Ord., ECF 19. At some point unknown to the Court, the parties informally agreed to extend the fact discovery deadline to February 19, 2018. *See* Jt. Mot. to Extend Deadlines ¶ 2, ECF 25. Later, on February 22, 2018, the Court extended deadlines for expert discovery and dispositive motion deadlines, but it did not further extend the fact discovery deadline. Feb. 22, 2018 Min. Ord, ECF 26.

predecessors. *Id.* Pautsch made clear that "[w]e will not stipulate to that." *Id.* Mechanic followed up that same day, indicating that he had a slightly different memory of the conversation regarding the Rule 30(b)(6) corporate deposition but in any event, he noted that he would consider Pautsch's response further and in the meantime, wondered if Defendants would stipulate to the authenticity of attached FCC and SEC filings. *Id.* at 2-3. On March 16, 2018, after returning to the office following the death of a family member, Pautsch responded that Defendants would stipulate to the authenticity of the government filings. *Id.* at 1.

Plaintiff argues that he acted diligently in regard to the merger issue because he engaged in good faith efforts to reach a stipulation concerning Nexstar's liability and undertook his own research to confirm the history and terms of the merger and confirmation from Defendants regarding that evidence. Plaintiff contends that those matters were not resolved until the week before he filed his motion to amend. He states that "although earlier government filings that defendants declined to produce to plaintiff refer to the merger, Nexstar's 2017 SEC 10-K form was filed on March 1, 2018, stating that KOIN-TV was included in the 2017 merger." Pl.'s Mot. at 11; *see also id.* at 6 (in regard to Rule 15(a) undue delay inquiry, Plaintiff argues that "defendants' failure to produce any documents relating to its ownership of KOIN-TV or otherwise inform plaintiff of the status or terms of the merger, renders their argument that there was undue delay in plaintiff raising more specific facts relating to Nexstar's successor liability disingenuous.").

I reject Plaintiff's argument and find that he did not act diligently in pursuing information related to the merger. As indicated above, after receiving Defendants' response to RFP #10 in August 2017, Plaintiff never initiated a conversation with Defendants in any form about that

9 - OPINION & ORDER

response. Plaintiff never indicated that the response was inadequate or insufficient. Plaintiff never indicated that information he sought was not in fact located on the FCC website. Plaintiff never objected to Defendants having directed Plaintiff to public sources instead of providing the documents to Plaintiff directly. Plaintiff never initiated a more formal conferral conversation suggesting that he would seek to compel Defendants to respond to RFP #10. Plaintiff never filed a motion to compel a response to RFP #10.

Moreover, the document from the Oregon Corporation Division was available in April 2017, almost one year before the filing of the motion to amend. Plaintiff states that Nexstar's SEC filing was not available until March 2018, and that it showed that KOIN-TV was included in the 2017 merger. But, Defendants' response to RFP #10 admitted that Nexstar became the owner of KOIN-TV on January 26, 2017. Thus, Plaintiff possessed that information as of August 2017.

Finally, Plaintiff waited until after the date to amend pleadings to pursue a stipulation about Nexstar's liability. Then, it was only after Plaintiff failed to obtain the desired liability stipulation that he moved to amend.

Plaintiff failed to promptly pursue production of what he considered relevant documents directly from Defendants. Plaintiff fails to explain how he used his time between August 2017 and the December 1, 2017 date to amend pleadings to obtain information that might be relevant to amend his claim. Plaintiff fails to show why the March 1, 2018 SEC 10-K filing gave him information he did not already possess rather than provide documentary support for previously-acquired information. As a result, Plaintiff cannot satisfy the first hurdle under the Rule 16(b) good cause inquiry. As noted above, if the moving "'party was not diligent, the inquiry should

end.'" *Branch Banking & Trust Co.*, 871 F.3d at 764.

Nonetheless, I am unconvinced that the proposed additional allegations regarding the merger actually matter. Both Nexstar Broadcasting and LIN Television are already named Defendants. Plaintiff already alleges that Nexstar acquired LIN Television in 2017 and that Defendants did and continued to do business as KOIN-TV. The original Complaint also alleges that Plaintiff's administrative complaint filed with the Oregon Bureau of Labor and Industries (BOLI) was filed against "Defendants," referring to both Nexstar and LIN Television. Compl. ¶ 29. All claims in the original Complaint appear to be brought against both Defendants.

In his motion, Plaintiff himself states that "these amendments do not even raise new legal claims or theories, but provide a more specific factual framework to the already alleged legal claims and theories." Pl.'s Mot. 8. Plaintiff continues: "these amendments do no more than provide a more specific factual framework to the already existing legal claims against Nexstar and LIN-TV." *Id.* at 9. The allegations regarding "the corporate merger resulting in Nexstar becoming the successor to LIN-TV . . . merely shed further light on the corporate background that supports plaintiff's already existing claims that Nexstar is liable for the damages caused by KOIN-TV's discriminatory and retaliatory conduct against plaintiff." *Id.*; *see also id.* at 11 ("plaintiff's amendments are intended to make the complaint's allegations more direct with respect to his already existing legal claims, but otherwise add[] nothing new."); Pl.'s Reply 1 ("motion for leave . . . makes modest changes to the Complaint to conform to the evidence developed through discovery and provide more specificity as the parties move toward trial."); *id.* at 2 ("The primary reason Plaintiff seeks to amend the complaint is to provide additional detail regarding the merger between the Defendant entities[.]").

11 - OPINION & ORDER

As Plaintiff's assertions recognize, the proposed additional allegations provide more detailed facts regarding the relationship between the two Defendants. But, the facts in the original Complaint sufficiently raise the legal issue of Nexstar's successor liability for conduct by LIN Television Corporation. Given that the liability issue is sufficiently raised in the original Complaint, Plaintiff is not precluded from supporting or opposing arguments related to Nexstar's liability with the facts he seeks to assert in his proposed FAC.

II. Allegations Regarding OFLA Claim

As indicated above, Plaintiff's Ninth Claim for Relief in the original Complaint expressly cited "ORS 659A.183" and "ORS 659A.199-Retaliation" as the statutory bases for his OFLA claim. Compl. ¶ 70 (caption above paragraph number). Then, after re-alleging all factual background paragraphs, Plaintiff alleged that Defendants violated OFLA, "ORS 659A.183," but with no mention of O.R.S. 659A.199, by "discriminating and retaliating against Plaintiff because he requested and took family medical leave." *Id.* ¶ 71.

In the proposed FAC, he seeks to delete the reference to O.R.S. 659A.199 in the caption of the Ninth Claim for Relief and add a reference in that caption to discrimination while leaving the reference to retaliation. Prop. FAC ¶ 74 (caption above paragraph number). The proposed FAC also seeks to insert language alleging that Defendants committed an unlawful practice under OFLA, "ORS 659A.183, by discriminating and retaliating against Plaintiff because he requested and took family medical leave, *including interfering with the exercise of his rights under OFLA*." *Id.* ¶ 75 (proposed new language emphasized).

The only basis Plaintiff offers for failing to amend the OFLA claim before the December 1, 2017 deadline for amendment of pleadings, is that "plaintiff took depositions of KOIN-TV

witnesses in January 2018 . . . that confirmed that defendant had engaged in both retaliation and interference (or discrimination) under OFLA." Pl.'s Mot. 11; *see also* Pl.'s Mot. 8 (arguing that there was no undue delay under Rule 15 because "defendants' witnesses were deposed in January 2018 and other discovery occurred."). Although in his Reply, Plaintiff argues that the amendments to the OFLA claim are "diligent because they simply provide further clarity[,]" Pl.'s Reply 3, I find this unpersuasive. In fact, that contention suggests just the opposite: if the proposed amendments only clarify the existing allegations, they could have been made before the deadline for amendment expired.

Plaintiff fails to provide any details regarding the discovery obtained after the amendment deadline which Plaintiff asserts led to the "clarifying" allegations. He does not set forth who was deposed, when the deposition(s) occurred, and what facts were obtained that were not already known. He does not show how he otherwise attempted to obtain information related to the OFLA claim by other discovery methods and why these were not pursued before the December 1, 2017 amendment deadline. Additionally, he states that the January 2018 depositions "confirmed" the basis for his OFLA claims. This suggests that the information he obtained was not newly discovered, creating an inference that he was not diligent in seeking to amend the Complaint earlier. Without more, Plaintiff fails to show that he acted diligently in regard to the proposed new OFLA claim allegations and thus he has had not meet the good cause standard under Rule 16(b).

/ / /

/ / /

/ / /

CONCLUSION

Plaintiff's motion for leave to amend [28] is denied.

IT IS SO ORDERED.

Dated this 23 day of May, 2018

_____
Marco A. Hernandez
United States District Judge